# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE-LOUISE EDWARDS,

                          Plaintiff,

      -v.-                                     5:18-CV-1216 (LEK/ATB)

MARY JOAN CONTE, et al.,

                          Defendants.

JASMINE GRACE-LOUISE EDWARDS, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Jasmine Grace-Louise Edwards. (Dkt. Nos. 1, 2).

## I.    IFP Application

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards, keeping in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

**II.     Facts**

Plaintiff states that defendant Mary Joan Conte is a Job Coach. (Complaint

("Compl." at 1).[1] Plaintiff has also named Sarah G. Merrick, Commissioner of the Onondaga County Department of Social Services[2] and Joanne M. Mahoney, the former Onondaga County Executive.[3] (*Id.*)  Plaintiff's complaint is not completely clear.[4]  The court has read the allegations liberally in an attempt to determine what claims plaintiff may be attempting to bring. *See Abbas, supra.*

Plaintiff states that on June 22, 2017, she was required to attend a meeting with Mary Joan Conte to discuss a "program" in which plaintiff had participated. (Compl. at 2 ¶ 4-1).  Plaintiff claims that, during this meeting, defendant Conte told plaintiff that she had reviewed "notes," indicating that plaintiff had been "released from the training program because plaintiff could not perform [the] Standard Training." (Compl. at 2 ¶ 4-1.2).  Plaintiff alleges that defendant Conte told plaintiff to stop wasting taxpayers' money by attempting to participate in training for which she was not qualified, and that plaintiff "would have to pay the money back." (Compl. at 2-3 ¶ 4-1.2).  Plaintiff claims that defendant Conte made further disparaging remarks, stating that taxpayers "like herself" paid their taxes to support "other people who are more qualified . . . ." (Compl. at 3 ¶ 4-1.3).  Plaintiff claims that defendant Conte's actions were harassing, biased, prejudiced, "and misleading with political activities." (Compl. at 3 ¶ 4-1.4).  Plaintiff

---

[1] Plaintiff has numbered the pages of her complaint.  Thus, the court will cite to the complaint using plaintiff's pagination.

[2] http://www.ongov.net/dss/

[3] At this time, Ryan McMahon has replaced Joanne Mahoney as the Onondaga County Executive.

[4] Plaintiff has attached some "case notes" to the complaint, which she refers to as "Exhibits." (Compl. at 6, 7-8).  Some of these notes are written by defendant Conte, and others are written by April Palozzola, who is not listed as a defendant in this action. (*Id.*)  The notes help to clarify the facts as stated by plaintiff.

3

states that defendant Conte violated plaintiff's "fundamental rights," and that her conduct showed "neglect of duties," and "improper behavior." (Compl. at 4 ¶ 4-1.7).

Plaintiff alleges that defendant Department of Social Services Commissioner Merrick oversaw defendant Conte's hiring process, which violated plaintiff's "rights of equality." (Compl. at 4 ¶ 4-2.1). Plaintiff states that defendant Merrick's conduct showed "neglection [sic] of political quality and authority of government organization policies." (*Id.*) Plaintiff also claims that defendant former County Executive Joanne Mahoney engaged in "neglection [sic] of supervision." (Compl. at 5 ¶ 4-3.1). Plaintiff states that defendant Mahoney "produced department services for framework operations, neglecting to seek structural production of ongoing services of plaintiff Jasmine Edwards violating plaintiff Jasmine Edwards right of equality." (*Id.*)

Plaintiff seeks "a warrant of payment of 130 million dollars without withholding funds." (Compl. at 6).

## III. Section 1983

### A. Legal Standards

Section 1983 provides, in relevant part, that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 itself does not create substantive rights, rather, it provides a "'method for vindicating federal rights elsewhere conferred.'" *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 156 (E.D.N.Y. 2016) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (citing *Baker v. McCollan*, 443 U.S. 137, 144

4

n. 3 (1979)). In order to state a claim under section 1983, the plaintiff must allege the deprivation of rights, privileges, or immunities secured by the Constitution or other Federal laws, committed by a person acting under color of state law. *Id.* (quoting *Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011).

**B.   Application**

Plaintiff has sued defendant Conte for allegedly violating her "fundamental rights" and "right to equality." However, neither plaintiff's complaint, nor her exhibits support such a claim. There is no indication to what "fundamental rights" were allegedly violated. Defendant Conte is a "job coach."[5] According to plaintiff's exhibits, plaintiff was participating in a job training program. (Compl. at 7). Defendant Conte's notes, dated June 22, 2017,[6] indicate that plaintiff "was dismissed from her WE site this month" because she had difficulties with "comprehension," and she did not complete the "Worktrain Medical Program." (*Id.*)

Notes written by April Palozzola, dated March 7, 2017 state that she received a telephone call from the Program Manager at the Work Train initiative, expressing concern regarding plaintiff. (*Id.*) Plaintiff was a "self-referral" to the training program, but the "classroom instructors determined that Jasmine was unable to perform to standards for employment as an HHA at Loretto." (*Id.*) The notes further state that the

---

[5] The court assumes for purposes of this Order and Report and Recommendation that defendant Conte acts under color of state law. Plaintiff refers to defendant Conte as a "job coach," but she does not specify for whom defendant Conte works. The court has discussed the JOBSplus program below, which "is a contractor of Onondaga County Department of Social Services." Because the complaint may be dismissed on other bases, the court will not engage in an analysis of whether defendant Conte acts under color of state law. The other two defendants clearly are state actors as they are County employees.

[6] These notes were taken at the meeting of which plaintiff complains in this action.

5

instructors met with the plaintiff to advise her that she was being dropped from the program. (*Id.*) Ultimately, it was agreed that the plaintiff could complete the class "with the understanding that she would not be referred to the employer for hire."[7] (Compl. at 7-8). Plaintiff appeared for the employment interview, notwithstanding this agreement, but was advised that she was not eligible. (*Id.* at 8). Plaintiff also appeared for the first day of "paid" training, despite not being hired and had to be escorted from the building. (*Id.*) Ms. Palozzola then stated that plaintiff began harassing the Health Train staff with emails and letters, which the staff forwarded to "Jobsplus."[8] (*Id.*) Ms. Palozzola stated that she was advised that the staff at Health Train wanted to make sure that Ms. Palozzola's staff was "aware of [plaintiff's] behavior which they describe as 'harassing and erratic.'" (*Id.*) Ms. Palozzola was told that plaintiff should be put on a "watch list" and allowed to continue with CTT. The "Team Leader" and "Coach" were going to be advised of this action. (*Id.*) These notes may have led to the meeting that plaintiff had with defendant Conte.

A review of plaintiff's complaint, together with her exhibits shows that defendant Conte had no involvement with plaintiff's termination from her work training program, nor in the decision not to refer her to the employer for hire. Plaintiff does not claim

---

[7] This agreement was reached after plaintiff insisted on speaking with the Director of Student Services at SUNY EOC where the classes were held. (Compl. at 7). The Director met with plaintiff, and the agreement to allow plaintiff to finish the class was reached after that meeting.

[8] "Jobs Plus" is a contractor of Onondaga County Department of Social Services - Economic Security. https://www. jobsplus.cc/about_us.htm. The mission of Jobs Plus is to help individuals who apply for public assistance to find and keep employment. Jobs Plus provides a job readiness program, interview services, transportation service, childcare services, and clothing services to individuals in the program. *Id.*

6

otherwise, nor does she challenge her removal from the program.[9] According to the notes, plaintiff's instructors at the program determined that plaintiff could not meet the requirements for the training. At worst, defendant Conte was rude to plaintiff during their June 22, 2017 meeting by telling plaintiff that she should not be wasting taxpayer money participating in programs for which she was not qualified. Plaintiff met with defendant Conte to discuss the issues. Plaintiff does not allege that defendant Conte was in any way involved with plaintiff's removal from the training program, nor does plaintiff allege that defendant Conte prevented plaintiff from participating in any other program.

Plaintiff's assertion that defendant Conte's conduct was "harrassing, bias[ed], prejudice[d] and misleading with political activities" does not rise to the level of a constitutional violation. Verbal harassment, and even threats, no matter how unprofessional, do not rise to the level of constitutional violations. *Holland v. Morgenstern*, No. 12–CV–4870, 2013 WL 2237550 (E.D.N.Y. May 20, 2013) (citing *Jean–Laurent v. Wilkerson*, 438 F. Supp.2d 318, 324–25 (S.D.N.Y.2006) (claim of verbal abuse not cognizable under § 1983 because verbal intimidation did not rise to the level of a constitutional violation); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y.1996) (threats and verbal harassment without physical injury or damage not cognizable in claim filed under section 1983); *Fairchild, Arabatzis & Smith, Inc. v. Sackhheim*, 451 F. Supp. 1189, 1192 (S.D.N.Y.1978) ("screaming" and "demanding"

---

[9] According to defendant Conte's June 22, 2017 notes, plaintiff told defendant Conte that she had "a law suit against EOC Work Train Program." (Compl. at 7). Plaintiff may be challenging her removal from the program in an unrelated law suit in a different court. Clearly, plaintiff does not challenge her removal from the program, and could not do so against the current defendants who were not involved in such removal.

7

did not rise to the level of constitutional violation)). *See also Weinstein v. Garden City Union Free School Dist.*, No. CV 11–2509, 2013 WL 55077153, at *16 (E.D.N.Y. Sept. 30, 2013) (citing inter alia *Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010); *Curcio v. Roosevelt Union Free School Dist.*, No. 10–CV–5612, 2012 WL 3646935, at *18 (E.D.N.Y. Aug. 22, 2012)).

Plaintiff also states that defendant Conte's "misconduct" was "neglect of duties" and "improper behavior." (Compl. at 4 ¶ 4-1.7). As stated above, inappropriate, harassing, or unprofessional behavior should not be condoned, but it does not rise to the level of a constitutional violation. In addition, to the extent that "neglect" of duties could be interpreted as a negligence claim, negligence is not actionable under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) (negligence not actionable under section 1983) Although plaintiff mentions "equal rights," she does not allege that defendant Conte treated plaintiff differently than others with whom plaintiff was similarly situated, sufficient to state an equal protection claim.

In addition, it is unclear how defendant Conte's alleged remarks were "biased" or "prejudiced." Conclusory allegations are insufficient to state a civil rights claim under section 1983. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). It is clear that the conversation between plaintiff and defendant Conte was based upon plaintiff's inability to meet the requirements of the program, not based on plaintiff's membership in any protected class. Thus, plaintiff states no section 1983 claim against defendant Conte.

### IV. **Personal Involvement**

#### A. **Legal Standards**

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Richardson v.*

*Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

### B. Application

Because this court has found that no claim is stated against defendant Conte, the complaint may also be dismissed as against the supervisory defendants. However, even if plaintiff had stated a claim against defendant Conte, the only defendant who had any contact with plaintiff, she would be unable to state a claim against either defendant Merrick, the Commissioner of the DSS, or defendant Mahoney, the then-County Executive. It is clear from the complaint that neither of these supervisory defendants had any personal involvement with plaintiff. Plaintiff's claims are completely based upon the concept of respondeat superior, which is not available in a section 1983 action. Plaintiff's conclusory statements that defendant Merrick was negligent in hiring defendant Conte and that defendant Mahoney oversaw the program and engaged in "neglection [sic] of supervision" do not change this court's findings.

## V. **Opportunity to Amend**

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

In this case, any amendment would be futile as against defendants Merrick and Mahoney. Thus, the court will recommend dismissing the complaint with prejudice as against these two defendants. The same is true for defendant Conte. No matter how inappropriate or rude to plaintiff she was, there is no constitutional protection against

rudeness. Her alleged opinion that plaintiff was wasting taxpayers' money is not actionable. Even assuming that the defendant was biased or prejudiced,[10] plaintiff was not deprived of a job because of the defendant's bias or prejudice, she was simply insulted by the comments. As stated above, such conduct is not actionable under section 1983. Plaintiff cannot amend her complaint to state a cause of action based upon defendant Conte's actions.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing, and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITH PREJUDICE IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 19, 2018

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[10] The court would also point out that plaintiff does not indicate what defendant Conte was biased or prejudiced against.