UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE-LOUISE EDWARDS,

                Plaintiff,

    -against-                              5:18-CV-1216 (LEK/ATB)

MARY JOAN CONTE, *et al.*,

                Defendants.

## ORDER

**I.     INTRODUCTION**

This matter comes before the Court following a report-recommendation filed on October 19, 2018, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation"). Plaintiff Jasmine Grace-Louise Edwards timely filed objections. Dkt. No. 5 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301,

306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### III. DISCUSSION

#### A. The Report-Recommendation

Judge Baxter found that Plaintiff's Complaint failed to allege the personal involvement of defendants Sarah G. Merrick or Joanne M. Mahoney. R. & R. at 9. He therefore determined that dismissal was required as to those defendants, since "respondeat superior . . . is not available in a section 1983 action." Id. Judge Baxter also held that a variety of substantive issues undermined Plaintiff's constitutional claims against defendant Mary Joan Conte. Id. at 5–8. He therefore recommended that the Complaint be dismissed with prejudice in its entirety, finding that any amendments that Plaintiff might propose would necessarily prove futile. Id. at 10.

#### B. Plaintiff's Objections

Plaintiff's Objections can be divided into three parts. First, Plaintiff quotes a number of passages drawn from online summaries of the constitutional right of association and the Hatch Act. Compare Particular Governmental Regulations that Restrict Expression, JUSTIA: US LAW, http://law.justia.com/constitution/us/amendment-01/13-particular-governmental-regulations.html (last visited Nov. 9, 2018) with Objs. at 2–3. Construing those passages liberally, the Court

interprets them as an attempt by Plaintiff to identify the constitutional and statutory bases for her claims, namely: (1) the First Amendment's protections of the freedom to associate; and (2) the Hatch Act. Neither attempt succeeds.

"[T]he freedom of association takes two forms—the right to engage in 'expressive association[s]' and the right to 'associate with others in intimate relationships.'" Richardson-Holness v. Alexander, 161 F. Supp. 3d 170, 175 (E.D.N.Y. 2015) (quoting Adler v. Pataki, 185 F.3d 35, 42 (2d Cir. 1999)). Plaintiff's allegations, which primarily concern the circumstances surrounding her expulsion from a job training program, do not implicate any freedom of association rights. Plaintiff has no right to compel Defendants to associate with her. See Roberts v. U.S. Jaycees, 468 U.S. 609, 623 (1983) ("Freedom of association therefore plainly presupposes a freedom not to associate.").

Plaintiff's reference to the Hatch Act is also unavailing. That statute, which arose out of the belief that "the rapidly expanding Government work force should not be employed to build a powerful, invincible, and perhaps corrupt political machine," Civil Serv. Comm'n v. Letter Carriers, 413 U.S. 548, 565 (1973), prohibits "partisan political activity by all classified federal employees," U.S. v. Nat'l Treasury Emps. Union, 513 U.S. 454, 470 (1995). But the Complaint does not allege that Defendants were federal employees, meaning the Hatch Act is plainly inapplicable here.

Second, the Objections state that "Jobsplus has removed [Plaintiff] from participating in Job Searching and Transportation Services as of March 2018[,] preventing [Plaintiff from] continu[ing] with the program." Objs. at 3. The Report-Recommendation already contemplated such an expulsion in its characterization of the facts of this case, but nonetheless found that

3

Plaintiff's Complaint failed to state a claim for relief. See R. & R. at 6–7. Therefore, Plaintiff's expulsion from the job training programs operated by Defendants, while unfortunate, does not constitute an objection to the Report-Recommendation and provides no grounds for reconsidering Judge Baxter's reasoning.

Third, Plaintiff's Objections seek to replace Merrick with a new defendant, Ryan McMahon. Objs. at 1. Such a change must be made through a motion to amend Plaintiff's Complaint, rather than through an objection to a report-recommendation. In light of the Court's decision, described in more detail below, to provide Plaintiff an opportunity to amend her Complaint, the Court will not grant Plaintiff's request at this time.

**C. Additional Review**

The Court has reviewed the remainder of the Report-Recommendation for clear error. Although the Court concurs with Judge Baxter's rationale for dismissing the Complaint, it disagrees that such dismissal should be with prejudice. As the Report-Recommendation correctly notes, "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded [an] opportunity . . . to amend h[er] complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, than an amended complaint would succeed in stating a claim." Gomez v. United States Auto. Assoc. Fed. Savs. Bank, 171 F.3d 794, 796 (2d Cir. 1999). However, the fact that the Complaint fails to plead the personal involvement of Merrick or Mahoney, and only describes conduct undertaken by Conte that "is not actionable" as-pled, R. & R. at 9–10, does not mean that the opportunity to amend would necessarily prove futile. If Plaintiff can provide more detailed, clearer allegations to support her claims that Defendants violated her federal rights, such an amended pleading might

4

still raise a plausible claim against one or more of the defendants. The Court will therefore grant Plaintiff thirty days in which to submit an amended complaint.

Plaintiff is instructed that such an amended complaint must set forth a short and plain statement of the facts on which Plaintiff relies to support her claim that Defendants engaged in misconduct or wrongdoing that violated her constitutional and/or statutory rights. Plaintiff is advised that any amended complaint will completely replace the prior Complaint in this action, and that no portion of the Complaint shall be incorporated into her amended complaint by reference. Plaintiff is also forewarned that, if she fails to submit an amended complaint within thirty days of the filing date of this Order, the Court will, without further order, dismiss this action without prejudice pursuant to § 1915(e) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED and ADOPTED in part**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, she must file an amended complaint as directed above **within thirty days** from the filing date of this Order; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice**

without further order of this Court pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:   November 26, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge