UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE-LOUISE EDWARDS,

         Plaintiff,

 -against-            5:18-CV-1216 (LEK/ATB)

MARY JOAN CONTE, *et al.*,

         Defendants.

## DECISION AND ORDER

**I. INTRODUCTION**

Plaintiff Jasmine Grace-Louise Edwards filed this case against three defendants: Mary Joan Conte, a job coach at Jobs Plus, which assists individuals who apply for public assistance to locate and maintain employment; Sarah G. Merrick, commissioner of the Onondaga County Department of Social Services; and Joanna M. Mahoney, the former Onondaga County executive. Dkt. No. 1 ("Complaint"). Plaintiff moved for leave to proceed in forma pauperis ("IFP"), Dkt. No. 2, which was granted by United States Magistrate Judge Andrew T. Baxter, Dkt. No. 4. Magistrate Judge Baxter then issued a Report-Recommendation concerning the sufficiency of Plaintiff's Complaint. Id. After Plaintiff objected, this Court approved and adopted in part the Magistrate Judge's Report-Recommendation and dismissed Plaintiff's case without prejudice. Dkt. Nos. 5, 6 ("November 2018 Order"). Plaintiff subsequently filed an Amended Complaint. Dkt. No. 7 ("Amended Complaint").[1] For the reasons set forth below, Plaintiff's Amended Complaint is dismissed with prejudice.

---

[1] While Plaintiff has retained Merrick and Mahoney in the case caption she has not alleged any claims against them in her Amended Complaint. Thus, the Court concludes Plaintiff has withdrawn any claims she may have had against Merrick and Mahoney.

## II. LEGAL STANDARD

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action IFP, a court must decide whether to dismiss the complaint before the defendant(s) respond. See id.

A court may not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted). In addition, "where the

---

[2] An action is frivolous if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

2

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must construe pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). "Although the courts remain obligated to construe a pro se complaint liberally . . . the complaint must contain sufficient factual allegations to meet the plausibility standard." Rosendale v. Brusie, 374 F. App'x 195, 196 (2d Cir. 2010) (citations omitted).

## III. DISCUSSION

### A. Facts

Plaintiff's Amended Complaint, like her Complaint, is not entirely clear. The Court has construed Plaintiff's claims liberally in order to determine what claims she is attempting to bring. See Nance, 912 F.2d at 606. As required, it takes Plaintiff's factual allegations as true to decide the sufficiency of the Amended Complaint. See Gray v. Vill. of Ravena, No. 16-CV-1239, 2016 WL 8671847, at *2 (N.D.N.Y. Dec. 16, 2016), report and recommendation adopted by, No. 16-CV-1239, 2017 WL 383353 (N.D.N.Y. Jan. 27, 2017).

Plaintiff alleges that, in June 2017, she was required to attend a meeting with Conte to discuss an email Conte received from Plaintiff's employer about her "training behavior and current problems with [her] former training." Am. Compl. at 1–2. Conte inquired why Plaintiff

3

had "missed so many days from [Plaintiff's] volunteer site" and told Plaintiff that she was to be placed on a "watch list" because Plaintiff had harassed "other staff of Jobs Plus department combined agency". Id. at 2–3. Plaintiff responded that she had missed days at work to focus on personal lawsuits against "SUNY EOC" and "Centerstate CEO". Id. at 2. Conte replied that Plaintiff should "stop wasting time on a lawsuit that wouldn't support [Plaintiff's performance]." Id. Conte added that Plaintiff was also wasting taxpayers' money by attempting to participate in trainings for which she was not qualified, and said that Plaintiff "would have to pay those taxes back because taxpayers were tired of paying taxes for people like Plaintiff . . . ." Id. at 4. Conte made additional disparaging remarks, stating that Plaintiff looked "d[y]sfunction[al]" and that she would need a "psychological evaluation." Id. at 6. Plaintiff felt "bothered" by Conte's remarks, id. at 5, and requested Conte find Plaintiff a new case worker, id. at 6. Conte concluded the meeting and told Plaintiff to bring details of her personal lawsuit the next time she came in to Jobs Plus for a meeting. Id. at 6.

### B. Review of Sufficiency of Amended Complaint

The Court construes the Amended Complaint to levy six causes of action against Conte: (1) invasion of privacy;[3] (2) unreasonable search and seizure under the Fourth Amendment; (3) equal protection violation under the Fourteen Amendment; (4) coercion;[4] (5) an unspecified violation of Title VII of the Civil Rights Act of 1964; and (6) violation of the right to freely

---

[3] The Amended Complaint does not specify under which law Plaintiff has brought this claim. Id. at 7.

[4] The Amended Complaint does not specify under which law Plaintiff has brought this claim. Id. at 7–8.

associate under the First Amendment. 42 U.S.C. § 1983 provides a potential cause of action for Plaintiff's constitutional claims. It states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 itself does not create substantive rights, rather, it provides a "method for vindicating federal rights elsewhere conferred." Fiedler v.Incandela, 222 F. Supp. 3d 141, 156 (E.D.N.Y. 2016) (quoting Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004).

The Court finds that Plaintiff has failed to plead any plausible claim. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. For instance, the Court cannot cognize how Conte invaded Plaintiff's privacy or could have violated Plaintiff's Fourth Amendment rights by requesting information about Plaintiff's personal lawsuits, which are publicly filed. As another example, Conte could not have violated Plaintiff's Fourteenth Amendment rights by "intentionally compar[ing] tax payers . . . community capability to [Plaintiff's] ordinary community functionability." See Am. Compl. at 7; Quinn v. Nassau Cty. Police Dep't, 53 F. Supp. 2d 347, 355 (E.D.N.Y. 1999) (summarizing requirements for bringing an equal protection claim based upon selective application of a facially lawful state regulation). And Plaintiff's claim that Conte violated Plaintiff's "constitutional rights Amendment (1)", without any additional pleading, is entirely conclusory and therefore fails to satisfy the governing pleading standards. See Iqbal, 556 at 678.

Plaintiff does not allege that Conte took part in Plaintiff's removal from her training program nor that Conte prevented Plaintiff from participating in any program. Rather, Plaintiff's allegations, if taken as true, amount to nothing more than claims of insults and slights. As Magistrate Judge Baxter acknowledged, "No matter how inappropriate or rude to [P]laintiff [Conte] was, there is no constitutional protection against rudeness." Edwards v. Conte, No. 18-CV-1216, 2018 WL 5113134, at *4 (N.D.N.Y. Oct. 19, 2018), report and recommendation adopted in part, rejected in part by, No. 18-CV-1216, 2018 WL 6168012 (N.D.N.Y. Nov. 26, 2018) (Kahn, J.). "Verbal harassment, and even threats, no matter how unprofessional, do not rise to the level of constitutional violations." Id. at 7–8 (citing multiple cases in support). In sum, Plaintiff has "fail[ed] to state [any] claim on which relief may be granted." § 1915(e)(2)(B). Thus, the Court dismisses Plaintiff's Amended Complaint with prejudice.[5] Plaintiff was already granted an opportunity to replead her claims, November 2018 Order at 5–6, and the court finds that granting Plaintiff any additional opportunities to replead would be futile, see De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 72 (2d Cir. 1996) (stating that a court may "dismiss a [claim]

---

[5] The Court notes that Plaintiff's constitutional claims must also be dismissed for failing to allege state action as required by § 1983. Section 1983 gives individuals a right to sue "any person" who (1) deprives him or her of "rights, privileges, or immunities secured by the Constitution and laws" of the United States, (2) while acting "under color of" state law. Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). "In § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012). Plaintiff has not alleged any facts that show Conte is a state actor. Hence, any claims Plaintiff may be bringing under § 1983 must be dismissed for this reason as well. See Thompson v. Booth, No. 16-CV-3477, 2018 WL 4760663, at *11 (S.D.N.Y. Sept. 28, 2018) (dismissing a plaintiff's § 1983 claim because he had failed to allege the defendant was a state actor).

without leave to replead when a party has been given ample prior opportunity to allege [the] claim").

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Amended Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 30, 2019
         Albany, New York

Lawrence E. Kahn
U.S. District Judge